IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STARKIST CO., | : | |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| PRODUCTOS DOLORES S.A. DE C.V., | : | **JURY TRIAL DEMANDED** |
| PESCADOS INDUSTRIALIZADOS S.A. DE | : | |
| C.V. d/b/a PINSA GROUP | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, StarKist Co. ("StarKist") files this Complaint against Productos Dolores S.A. de C.V. ("Dolores") and Pescados Industrializados S.A. DE C.V., d/b/a Pinsa Group ("Pinsa") ("Dolores" and "Pinsa" are collectively "Defendants") as follows:

## NATURE OF THE ACTION

This is an action for trademark infringement, for false designation of origin and unfair competition in violation of StarKist's established right, title and interest in its trademark arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and related claims for trademark and unfair competition in violation of the laws of the states in which Defendants conducts business including, the Commonwealth of Pennsylvania, as a result of the wrongful use by Defendants of the aforesaid trademark of StarKist.

## PARTIES

1. StarKist is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 225 North Shore Drive, 4th Floor, Pittsburgh, Pennsylvania 15212.

2.      StarKist is an innovative food company that traces its roots back to 1918.  StarKist is famous for its tuna and has, since 1961, used the brand icon Charlie® the Tuna:



3.      The Charlie® the Tuna mascot was created by legendary ad man, Leo Burnett, and has achieved iconic status in the advertising field.  Two examples of recognition of Charlie® the Tuna's iconic status are (a) in 2004, the Charlie® the Tuna mascot was named part of the Advertising Week Walk of Fame on Madison Avenue in New York City and (b) in 2015, the Charlie® the Tuna mascot was honored by the Museum of Broadcast Communications in a special exhibit entitled "Salute to Advertising Icons".

4.      Dolores is, upon information and belief, a Mexican company with its principal place of business located at Av. Puerto de Mazatlán 82050 Mazatlán, Sinaloa, Mexico.

5.      Dolores sells shelf-stable tuna products throughout the United States, and, specifically, in this District.

6.      Dolores is promoting its tuna products by using an anthropomorphic blue tuna mascot ("Dolores Tuna mascot") that is shown in the photo attached hereto as Exhibit A.

7.      Pinsa is, upon information and belief, a Mexican company with its principal place of business located at Av. Puerto de Mazatlán 82050 Mazatlán, Sinaloa, Mexico.

8.     Pinsa sells shelf-stable tuna products, including 5 ounce cans of El Dorado Chunk Light Tuna in Vegetable Oil and El Dorado Chunk Light Tuna in Water, throughout the United States, and, specifically, in this District.

9.     Pinsa is selling its tuna products by using an anthropomorphic blue tuna mascot on the label of 5 ounce cans of both El Dorado Chunk Light Tuna in Vegetable Oil and El Dorado Chunk Light Tuna in Water ("El Dorado Tuna Labels").  Attached hereto as Exhibits B and C, respectively are snapshots from Amazon.com showing Pinsa's use of the anthropomorphic blue tuna mascot on the labels of 5 ounce cans of El Dorado Chunk Light Tuna in Vegetable Oil and El Dorado Chunk Light Tuna in Water.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 1125(a) and 28 U.S.C. § 1331, because the actions asserted herein arise under the laws of the United States; pursuant to 28 U.S.C. § 1338(a), because this action arises under an Act of Congress relating to trademarks; and pursuant to 28 U.S.C. § 1338(b) because the claims of common law unfair competition, unjust enrichment and trademark infringement under state law are joined with substantial and related claims under the trademark laws.

11.     Venue over this action is proper in this Court and District pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the personal jurisdiction of this Court.

12.     This Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the privilege of conducting business within the Commonwealth of Pennsylvania and within this District by offering for sale and selling its shelf-stable tuna products.

## STARKIST'S TRADEMARK

13.     Since at least 1961, StarKist and its predecessors have used its distinctive character Charlie® the Tuna trademark in connection with its business.  Over the years, StarKist has

invested great effort and resources in promoting its Charlie® the Tuna trademark and has advertised its products using the Charlie® the Tuna trademark throughout the United States, including the Commonwealth of Pennsylvania, in connection with the sale of its products.

14.     StarKist has used, and continues to use the Charlie® the Tuna trademark on StarKist products, promotional materials, television and internet advertising and numerous other promotional materials.

15.     The Charlie® the Tuna trademark is registered with the United States Patent and Trademark Office.  A true and correct copy of StarKist's United States Trademark Registration No. 4672045 is attached hereto as "Exhibit D."

## OPERATIVE FACTS

16.     StarKist has advertised, promoted, publicized and marketed its distinctive Charlie® the Tuna trademark in connection with its products throughout the United States and within the Commonwealth of Pennsylvania, including within this District.

17.     As a consequence of StarKist's advertising, promoting, publicizing and marketing of the Charlie® the Tuna trademark, consumers have accepted and recognized the Charlie® the Tuna trademark as identifying StarKist as the source of its seafood products.

18.     The distinctive Charlie® the Tuna trademark distinguishes StarKist's products from other products sold by StarKist's competitors.

19.     The Charlie® the Tuna trademark has become and remains a valuable asset symbolizing StarKist, its goodwill and the high quality of the products sold by StarKist.

20.     StarKist's Charlie® the Tuna trademark has acquired fame and iconic status in the United States, as well as substantial and favorable reputation and goodwill, and has acquired secondary meaning that indicates StarKist as the source of origin of the products offered for sale by StarKist.

{J2163378.1}

21.     Dolores has recently began the use of the confusingly similar Dolores Tuna mascot in connection with its promotional material.  See Exhibit A showing a photograph of Dolores's use of the confusingly similar Dolores Tuna mascot taken at an August 2016 Unified Grocers Expo tradeshow in Long Beach, California.

22.     StarKist did not authorize Dolores to use the confusingly similar Dolores Tuna mascot which Dolores is using on its promotional materials in connection with Dolores's promotion and sale of its competing tuna products.

23.     Dolores's conduct as alleged herein falsely indicates to the purchasing public that the products offered for sale by Dolores, using the confusingly similar Dolores Tuna mascot, originate with StarKist and enables Dolores to trade upon and receive the benefit and goodwill built up at the great expense and labor of StarKist and to unjustly gain profits for Dolores, not as a result of Dolores's own efforts, but rather as a result of the misappropriation by Dolores of StarKist's Charlie® the Tuna trademark.

24.     Pinsa is using the confusingly similar El Dorado Tuna Labels in connection with its sale of shelf stable tuna.  See Exhibits B and C.

25.     StarKist did not authorize Pinsa to use the confusingly similar El Dorado Tuna Labels which Pinsa is using in connection with Pinsa's promotion and sale of its competing tuna products.

26.     Pinsa's conduct as alleged herein falsely indicates to the purchasing public that the products offered for sale by Pinsa, using the confusingly similar El Dorado Tuna Labels, originate with StarKist and enables Pinsa to trade upon and receive the benefit and goodwill built up at the great expense and labor of StarKist and to unjustly gain profits for Pinsa, not as a result of Pinsa's own efforts, but rather as a result of the misappropriation by Pinsa of StarKist's Charlie® the Tuna trademark.

27.     Dolores's use of its confusingly similar Dolores Tuna mascot in connection with its sale of tuna products constitutes false advertising that is likely to deceive purchasers of products located within the Commonwealth of Pennsylvania and elsewhere in the United States to think that StarKist is the source of, or that StarKist endorses the products sold by Dolores, using the confusingly similar Dolores Tuna mascot.

28.     Pinsa's use of its confusingly similar El Dorado Tuna Labels in connection with its sale of tuna products constitutes false advertising that is likely to deceive purchasers of products located within the Commonwealth of Pennsylvania and elsewhere in the United States to think that StarKist is the source of, or that StarKist endorses the products sold by Pinsa, using the confusingly similar El Dorado Tuna Labels.

29.     As a result of the improper conduct of Defendants, StarKist is being, among other things, unlawfully deprived of the advertising value of its Charlie® the Tuna trademark and of its associated goodwill.

**COUNT I – AGAINST DOLORES**
**TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. 1114**

30.     StarKist repeats and realleges Paragraphs 1 through 29 above as if fully stated herein.

31.     Dolores's conduct constitutes a violation of 15 U.S.C. § 1114.

32.     As a direct and proximate result of the foregoing conduct of Dolores, StarKist has been damaged and will continue to be damaged and will suffer further irreparable injury unless this Court enjoins Dolores from using the infringing Dolores Tuna mascot.

{J2163378.1}

33.     StarKist has no adequate remedy at law and irreparable injury to StarKist increases with each and every action taken by Dolores with respect to its continuing sales of products in connection with the infringing Dolores Tuna mascot.

WHEREFORE, StarKist demands judgment in its favor and against Dolores together with the relief requested in the Prayer for Relief below.

## COUNT II – AGAINST PINSA
## TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. 1114

34.     StarKist repeats and realleges Paragraphs 1 through 33 above as if fully stated herein.

35.     Pinsa's conduct constitutes a violation of 15 U.S.C. § 1114.

36.     As a direct and proximate result of the foregoing conduct of Pinsa, StarKist has been damaged and will continue to be damaged and will suffer further irreparable injury unless this Court enjoins Dolores from using the infringing El Dorado Tuna Labels.

37.     StarKist has no adequate remedy at law and irreparable injury to StarKist increases with each and every action taken by Pinsa with respect to its continuing sales of products in connection with the infringing El Dorado Tuna Labels.

WHEREFORE, StarKist demands judgment in its favor and against Pinsa together with the relief requested in the Prayer for Relief below.

## COUNT III – AGAINST DOLORES
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

38.     StarKist repeats and realleges Paragraphs 1 through 37 above as if fully stated herein.

39.     The distinctive Charlie® the Tuna trademark and the public recognition and the public association thereof with the services sold by StarKist are protected under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Dolores's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     StarKist has been, and is likely to continue to be, irreparably harmed and damaged by Dolores's acts of unfair competition and, unless Dolores is restrained, StarKist will suffer and is likely to continue to suffer a loss of sales and profits each time its customers or prospective customers are led to believe that Dolores's products are provided or endorsed by StarKist.

42.     StarKist has no adequate remedy at law and injury to StarKist increases with each and every action taken by Dolores to promote and sell its services using the infringing Dolores Tuna mascot.

WHEREFORE, StarKist demands judgment in its favor and against Dolores together with the relief requested in the Prayer for Relief below.

## COUNT IV – AGAINST PINSA
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

43.     StarKist repeats and realleges Paragraphs 1 through 42 above as if fully stated herein.

44.     The distinctive Charlie® the Tuna trademark and the public recognition and the public association thereof with the services sold by StarKist are protected under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Pinsa's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

{J2163378.1}

8

46.     StarKist has been, and is likely to continue to be, irreparably harmed and damaged by Pinsa's acts of unfair competition and, unless Pinsa is restrained, StarKist will suffer and is likely to continue to suffer a loss of sales and profits each time its customers or prospective customers are led to believe that Pinsa's products are provided or endorsed by StarKist.

47.     StarKist has no adequate remedy at law and injury to StarKist increases with each and every action taken by Pinsa to promote and sell its services using the infringing El Dorado Tuna Labels.

WHEREFORE, StarKist demands judgment in its favor and against Pinsa together with the relief requested in the Prayer for Relief below.

## COUNT V AGAINST DOLORES
## COMMON LAW UNFAIR COMPETITION

48.     StarKist repeats and realleges Paragraphs 1 through 47 above as if fully stated herein.

49.     Dolores by reason of the foregoing improper conduct has attempted to compete unfairly and has competed unfairly against StarKist with the specific intent to harm or destroy StarKist's ability to conduct business, including the sale and offering for sale of StarKist's products.

50.     The conduct of Dolores is and continues to be intentional, willful, malicious, outrageous and in bad faith.

51.     As a direct and proximate result of the foregoing wrongful conduct of Dolores, StarKist has been damaged and will continue to be damaged and will suffer further irreparable injury unless Dolores is enjoined by this Court.

52.     StarKist has no adequate remedy at law and irreparable injury to StarKist increases with each and every action taken by Dolores with respect to its continuing offer of products using the infringing Dolores Tuna mascot.

## COUNT VI AGAINST PINSA
## COMMON LAW UNFAIR COMPETITION

53.     StarKist repeats and realleges Paragraphs 1 through 52 above as if fully stated herein.

54.     Pinsa by reason of the foregoing improper conduct has attempted to compete unfairly and has competed unfairly against StarKist with the specific intent to harm or destroy StarKist's ability to conduct business, including the sale and offering for sale of StarKist's products.

55.     The conduct of Pinsa is and continues to be intentional, willful, malicious, outrageous and in bad faith.

56.     As a direct and proximate result of the foregoing wrongful conduct of Pinsa, StarKist has been damaged and will continue to be damaged and will suffer further irreparable injury unless Pinsa is enjoined by this Court.

57.     StarKist has no adequate remedy at law and irreparable injury to StarKist increases with each and every action taken by Pinsa with respect to its continuing offer of products using the infringing El Dorado Tuna Labels.

## COUNT VII AGAINST DOLORES
## UNJUST ENRICHMENT

58.     StarKist repeats and realleges Paragraphs 1 through 57 above as if fully stated herein.

59.    If Dolores is allowed to retain the benefits it has gained through the use of its infringing Dolores tuna mascot trademark without compensation to StarKist, Dolores will be unjustly enriched.

60.    Dolores's acts, as alleged herein, have caused irreparable injury and damages to StarKist and unless restrained will continue to do so.

61.    As a result, StarKist has suffered irreparable harm and damages.

62.    StarKist has no adequate remedy at law.

WHEREFORE, StarKist demands judgment in its favor and against Dolores together with the relief requested in the Prayer for Relief below.

## COUNT VIII AGAINST PINSA
## UNJUST ENRICHMENT

63.    StarKist repeats and realleges Paragraphs 1 through 62 above as if fully stated herein.

64.    If Pinsa is allowed to retain the benefits it has gained through the use of its infringing El Dorado Tuna Labels without compensation to StarKist, Pinsa will be unjustly enriched.

65.    Pinsa's acts, as alleged herein, have caused irreparable injury and damages to StarKist and unless restrained will continue to do so.

66.    As a result, StarKist has suffered irreparable harm and damages.

67.    StarKist has no adequate remedy at law.

WHEREFORE, StarKist demands judgment in its favor and against Pinsa together with the relief requested in the Prayer for Relief below.

{J2163378.1}

**PRAYER FOR RELIEF**

WHEREFORE, StarKist demands judgment in its favor and against Defendants and prays for relief as follows:

1.      A judgment declaring that Defendants have infringed StarKist's Charlie® the Tuna trademark, have competed unfairly with StarKist, have injured StarKist's business reputation by the unauthorized use of the infringing Dolores Tuna mascot and/or El Dorado Tuna Labels, have willfully violated the applicable laws of the United States and of the states where Defendants' products have been sold, all to the detriment of StarKist;

2.      That Defendants, their officers, agents, servants, employees, attorneys, successors and assigns, and all other persons in active concert with or in participation with them be preliminarily and permanently enjoined and restrained from: (a) infringing or inducing infringement of StarKist's Charlie® the Tuna trademark; (b) using the infringing Dolores Tuna mascot and/or El Dorado Tuna Labels or any confusingly similar designation alone or in combination with any other elements, to advertise or identify products offered for sale by Defendants; (c) unfairly competing with StarKist in any manner whatsoever; (d) causing a likelihood of confusion; and (e) engaging in any acts or activities directly or indirectly calculated to trade upon StarKist's Charlie® the Tuna trademark or the reputation or goodwill of StarKist in any way to compete unfairly with StarKist;

3.      For preliminary and permanent injunctive relief directing Defendants to recall from distribution and modify or destroy all products bearing the infringing marks and all promotional materials, including such materials on any websites that infringe StarKist's Charlie® the Tuna trademark or any colorable imitation thereof, but which do not emanate from StarKist;

4.      For a judgment against Defendants awarding StarKist damages and lost profits, including: (a) all damages sustained by StarKist as a result of Defendants' unlawful infringement

of StarKist's Charlie® the Tuna trademark, together with interest on such damages, and that such damages be trebled; (b) all profits derived by Defendants from the sale of services by the direct or indirect use of the infringing mark Charlie® the Tuna trademark or colorable imitations thereof, and that such profits be trebled; and (c) all damages sustained by StarKist on account of trademark infringement, unfair competition, and any other damages suffered by StarKist as a result of Defendants wrongful conduct as set forth herein, and that such damages be trebled;

5.      For an accounting of all of Defendants' profits from the wrongful conduct complained of herein;

6.      For an order directing Defendants to pay punitive damages;

7.      For an order directing Defendants to pay restitution;

8.      For an award of attorney's fees pursuant to 15 U.S.C. § 1117, or as otherwise permitted by law;

9.      For an award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

10.     For the costs and expenses of the suit herein; and

11.     For such additional and further relief as the Court may deem just and proper.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Amy J. Roy*
Amy J. Roy, Esq.
Pa. I.D. No. 86584
aroy@eckertseamans.com

David V. Radack, Esq.
Pa. I.D. No. 39633
dradack@eckertseamans.com

600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone:  (412) 566-6000
Fax:  (412) 566-6099

*Attorneys for StarKist Co.*

Dated: January 27, 2017